# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO.: 5:10-CV-00176-RLV-DSC

| | |
|---|---|
| KAREN KLYMAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER** |
| | ) |
| KENNETH R. MCINTURFF | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Without Prejudice (Doc. 20), filed August 19, 2011, and Defendant's Response (Doc. 21) and Motion for Sanctions (Doc. 22), filed August 22, 2011, and August 26, 2011, respectively.

## I. PROCEDURAL HISTORY

Plaintiff, a pro se litigant permitted to proceed in forma pauperis, filed a Complaint alleging the Defendant committed oppressive and abusive acts in connection with the collection of a debt, in violation of 15 U.S.C. § 1692. (Doc. 1.) Following Defendant's Motions to Continue (Doc. 12) and to Compel Discovery (Doc. 14) in light of Plaintiff's repeated failures to appear or respond to discovery-related matters, Plaintiff submitted the Motion to Dismiss here at issue (Doc. 20).

Significantly, Plaintiff Klyman's Motion for Voluntary Dismissal was preceded by Magistrate Judge David S. Cayer's Order directing Plaintiff to comply with various discovery obligations and warning that imposition of monetary sanctions or dismissal with prejudice could follow in the event of her continued noncompliance. (Doc. 17.) Pursuant to Magistrate Judge Cayer's Order, Plaintiff was to serve on defense counsel proper responses to Defendant's First

1

Set of Interrogatories and Request for Production of Documents by August 15, 2011, and was to appear for her deposition by September 2, 2011. Neither directive has been satisfied to date.

On August 15, 2011, in lieu of complying with the Magistrate Judge's Order (but within the time span allotted for compliance), Plaintiff submitted a "Motion for Voluntary Dismissal," in which Plaintiff attempted to unilaterally dismiss the case without prejudice. (Doc. 19.) After the Clerk's Office informed her that unilateral dismissal without a court order was unavailable given the stage of the proceedings, Plaintiff submitted her Motion to Dismiss Without Prejudice. (Doc. 20.)

## II. APPLICABLE STANDARD

Federal Rule of Civil Procedure 41 describes the circumstances under which an action may be dismissed. Specifically, Rule 41(a)(2) provides that "an action [in which the opposing party has served an answer] shall not be dismissed at the plaintiff's insistence [and without the opposition's signed stipulation of dismissal] save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of this rule is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (noting that absent "substantial prejudice" to the defendant, the plaintiff's motion for voluntary dismissal without prejudice should be granted). The rule enables the Court to impose conditions on voluntary dismissal in order to ensure no such prejudice will occur. In crafting a ruling on such motions, the Court is to consider

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the

case.

*Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) (unpublished disposition) (internal citations omitted). However, "[i]t is well established, that for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Echols ex rel. Pitman v. EBA Krug & Priester GmbH & Co.*, 225 F.R.D. 518, 519 (E.D.N.C. 2005) (quoting *USX Corp.*, 819 F.2d at 1274–75) (internal citations omitted). In light of these guiding principles, the Court considers Defendant's arguments for dismissal with prejudice and the imposition of sanctions.

### III. DISCUSSION

Dismissal of Plaintiff's claims without prejudice is proper under these facts. Although Plaintiff has offered little explanation for the need for dismissal[1] and has unduly delayed proceedings, Defendant has not invested great effort and expense given the stage of the litigation (although the repeated efforts to contact and coordinate with Plaintiff have been noted) and cannot demonstrate a plain, legal prejudice—that is, an encumbrance beyond the mere prospect of a second lawsuit.

After having been warned by the Magistrate Judge of the potential consequences of abusing the discovery process, Plaintiff attempted to voluntarily dismiss her claim, apparently as a perceived alternative to participating in discovery in accordance with the Magistrate Judge's Order. Although Plaintiff failed to comply with the Order, a dismissal with prejudice is a harsh sanction that should not be invoked lightly in view of "the sound public policy of deciding cases

---

[1] Plaintiff has noted only her intolerance of heat and having "limited" use of her car. (Doc. 18.)

3

on their merits." *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). Against this policy the Court weighs administrative concerns, considering four factors: (1) "the degree of personal responsibility on the part of the plaintiff"; (2) "the amount of prejudice to the defendant caused by the delay"; (3) the presence of a "drawn out history" of "deliberately proceeding in a dilatory fashion"; and (4) the effectiveness of sanctions less drastic than dismissal. *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) (citing *Reizakis*, 490 F.2d at 1135). Although Plaintiff has none to blame but herself for the aforementioned delay, the Court is not convinced that Plaintiff's uncounseled disobedience was improperly motivated. Warned of potential dismissal, she simply attempted to dismiss the case herself. Accordingly, dismissal with prejudice is not immediately necessary to deter future noncompliance.

Finally, it is worth noting that courts sometimes condition refiling a suit following its Rule 41(a)(2) dismissal upon payment of costs to dismissed defendants. However, such a condition, while appealing, would be futile here since Plaintiff is proceeding in forma pauperis. *See, e.g.*, *Eaker v. Miller*, No. 1:07CV575, 2008 WL 4280361, at *3 (M.D.N.C. Sept. 15, 2008). Furthermore, the imposition of such costs would in practice render a dismissal without prejudice a dismissal with prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice (Docs. 19, 20) be **GRANTED**. Defendant's Response (Doc. 21) and Motion for Sanctions (Doc. 22) are consequently **DENIED**.

Signed: September 21, 2011

Richard L. Voorhees
United States District Judge